IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CODY ROGERS, on behalf of himself and all
others similarly situated,

      Plaintiff,

  v.                                                  Civ. No. 21-376 KG/SCY

3BEAR ENERGY, LLC,

      Defendant,

and

APPLIED CONSULTANTS, INC.,

      Intervenor.

## ORDER DENYING MOTION TO COMPEL WITHOUT PREJUDICE

Plaintiff filed his "Motion To Compel Discovery From 3Bear" seeking answers to his first set of written discovery. The dispute between the parties relates to whether Defendant 3Bear 3Bear Energy, LLC (Defendant) "employed" Plaintiff in the course of his work as a pipeline inspector in New Mexico. Defendant objected to much of Plaintiff's discovery requests pertaining to its employment policies, on the grounds that they are irrelevant to this matter because 3Bear did not "employ" Plaintiff. Plaintiff argues that whether 3Bear employed Plaintiff is at the heart of the parties' present dispute and that 3Bear cannot validly base a relevancy objection on the presumption that the main issue in dispute will be resolved in its favor.

Although Plaintiff's argument may have merit, the Court denies his motion without prejudice because Plaintiff did not adequately meet and confer with Defendant prior to its filing. As set forth below, the Court requires, at a minimum, that the parties discuss discovery disputes

via a telephone conference. In this case, Defendant offered to confer with Plaintiff. It appears from the record, however, that Plaintiff declined that offer, choosing instead to file a motion to compel without having engaged in this required discussion.

Plaintiff represents that he served the discovery at issue on April 4, 2023.[1] Doc. 69 at 3. On May 31, 2023, Defendant served its objections and responses. Doc. 69-1. On Thursday, June 1, 2023, Plaintiff's counsel sent a lengthy email to Defendant's counsel outlining perceived deficiencies in the discovery responses. Doc. 69-3. The email concluded: "Please let us know when are you available today, Friday or Monday to confer before we seek to compel this information." *Id.* at 4.

On Wednesday, June 7, 2023, at 12:14 pm (presumably Central time) Defendant's counsel responded via letter. *See* Doc. 69-6 at 2 (timestamp of email). Defendant agreed to withdraw its general objections but defended all its remaining objections and responses. Doc. 69-4. The letter opened: "We respond to each of the concerns, and are available to confer on Monday, June 12, from 9–11 a.m or Wednesday, June 14, from 9-11 a.m. As previously mentioned, I have been reporting for jury duty, and currently anticipate that I will be available on these dates. If that changes, I will let you know and provide additional dates." *Id.* at 1. At 12:55 p.m. Central time, Defendant's counsel responded via email: "Since you didn't offer to correct any of the remaining deficiencies we raised, we will move to compel a response on the balance of the issues in my 6/12/23 email . . . ." Doc. 69-6 at 2. The present motion followed on June 21. Doc. 69.

In its response to the motion to compel, Defendant argues that Plaintiff failed to

---

[1] There is no certificate of service on the docket for Plaintiff's discovery or Defendant's responses. Counsel are advised that Local Rule 26.6 requires the filing of a "certificate indicating the date of service" on the docket for such documents.

2

sufficiently meet and confer. Doc. 70 at 4-5. Defendant is correct that failure to appropriately meet and confer can be grounds for denying a motion. Fed. R. Civ. P. 37(a)(1); D.N.M.LR.-Civ. 7.1 & 37.1. As this Court previously advised the parties in this case:

> The Court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, or a motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 45(c), unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute. A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so. Absent exceptional circumstances, parties should converse in person or telephonically.

Doc. 46 at 2 n.1.

Although Plaintiff's counsel did send a lengthy email detailing his position on the objections, this alone is insufficient. Not even an hour after receiving Defendant's counsel's offer to conference about the requests and giving specific times of availability, Plaintiff's counsel shut down all communication by stating Plaintiff would simply file a motion to compel. That is, it appears Plaintiff refused to have the discussion the Court requires.

Plaintiff argues that the Court should excuse its telephone-conference requirement because this case constitutes "exceptional" circumstances. Doc. 74 at 2. The Court disagrees. Like this case, in almost every discovery dispute counsel exchange emails disagreeing with each other's positions. Nor does the age of this case, as Plaintiff contends, make it exceptional. Although the Court agrees this case is old in terms of the number of years it has been pending, the first two years of the case involved the dispute over arbitration. Discovery has just begun; this is the first set of discovery at issue. There is ample time for the parties to engage in a meaningful and good-faith conferral process.

While the Court has occasionally excused a failure to engage in a telephone conference dependent on the circumstances of a particular case, no such circumstances are present here. The Court is sympathetic to the notion that the parties' positions may be entrenched by having formally briefed the issues, and that the most productive conferral happens prior to briefing. However, Defendant does indicate in its motion that "much of that relief could have been significantly narrowed or even entirely obviated had Mr. Rogers' counsel – as they repeatedly claim to have – meaningfully conferred with undersigned counsel." Doc. 70 at 2. The Court expects Defendant made this representation in good faith and will engage in well-intentioned conferral efforts with Plaintiff's counsel notwithstanding the briefing on the motion.

Therefore, the Court denies Plaintiff's motion to compel without prejudice. The Court will extend the time to meet and confer and file a motion to compel regarding this dispute under Local Rule 26.6 for 30 days after the date of this Order (subject to reasonable extensions of time by stipulation or court order), and will consider a motion refiled within that period to be timely. But the refiled motion must recite the parties' efforts to meet and confer and these efforts, at minimum, must include a telephone conference.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE