IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CODY A. ROGERS, *on behalf of himself*
*and all others similarly situated,*

    Plaintiff,

vs.                                                                                             Civ. No. 21-cv-376-KG-SCY

3BEAR ENERGY, LLC,

    Defendant,

and

APPLIED CONSULTANTS, INC,

    Intervenor.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before this Court on the Opposed Motion To Enforce Class and Collective Waiver by Intervenor Applied Consultants, LLC. (Doc. 63). The matter is fully and timely briefed. *See* (Docs. 63, 67, 68).

Plaintiff argues that because the arbitration provision within the arbitration agreement does not apply to his cause of action against defendant, the class action waiver within the arbitration agreement also does not apply. However, these are separate legal issues, and the contract contains a severability clause. Only the issue of whether the claim is subject to arbitration was decided by the Arbitrator. Furthermore, perhaps more importantly, the plain language of the contract indicates that the class action waiver applies to all class action "claims of any kind." As such, the class and collective action waiver applies to plaintiff's claim, and the Court must grant the motion to enforce the class action waiver (Doc. 63).

1

I.  *Background*

Intervenor Applied Consultants, LLC, (hereinafter "Applied") is a pipeline inspection company that provides third-party inspection services to its customers, such as defendant 3 Bear Energy, LLC (hereinafter "3 Bear"). (Doc. 63) at 1; (Doc. 9-1, Declaration of Jennifer Lacy) at ¶¶ 3-4. Plaintiff Rogers worked as an inspector, and in this capacity provided services to defendant 3 Bear. (Doc. 63) at 1; (Doc. 9-1, Declaration of Jennifer Lacy) at ¶¶ 3-4; *see also* (Doc. 1, Complaint) at ¶¶ 20, 27. On September 18, 2018, plaintiff executed an employment contract and multiple documents with Applied relevant to his work as an inspector. (Doc. 63) at 1-2; (Doc. 9-1, Declaration of Jennifer Lacy) at ¶¶ 9-13. One of the documents plaintiff signed was an arbitration agreement, which has been interpreted by an arbitrator as not compelling plaintiff to arbitrate his cause of action at bar against defendant 3 Bear for overtime pay. (Doc. 63) at 2; (Doc. 9-1, Declaration of Jennifer Lacy) at ¶ 11; (Doc. 9-1, Exhibit A, Mutual Arbitration Agreement) at 6-7; (Arbitration Order, Doc. 44-1) at 2.

Now, in its motion, Applied seeks to enforce a class and collective waiver executed by plaintiff as part of the Arbitration Agreement. (Doc. 63). Plaintiff argues that because the Arbitration Agreement does not compel plaintiff to arbitrate his cause of action at bar against 3 Bear, the class action waiver within the arbitration agreement also does not apply to his cause of action against 3 Bear. However, as will be discussed further herein, these are separate, independent questions.

II.  *Contract Interpretation*

When this Court interprets a contract, it endeavors to determine the parties' intent. *Conoco Phillips Co. v. Lyons*, 2013–NMSC–009, ¶ 23, 299 P.3d 844. "The purpose, meaning and intent of the parties to a contract is to be deduced from the language employed by them; and

where such language is not ambiguous, it is conclusive." *Id.* (citing *Cont'l Potash, Inc. v. Freeport-McMoran Inc.*, 1993-NMSC-039, 115 N.M. 690, 704, 858 P.2d 66, 80 (1993) (internal quotation marks and citation omitted). To the extent possible, this Court will construe a contract "as a harmonious whole, and every word or phrase [will] be given meaning and significance according to its appointments in the context of the whole contract." *Bank of N.M. v. Scholer*, 1984-NMSC-118, ¶ 6, 102 N.M. 78 (citation omitted).

III.   *Discussion*

*A. Arbitration Agreement*

The Arbitration Agreement executed by plaintiff and Applied includes the following provisions:

> The Employee and the Company agree to arbitrate all claims that have arisen or will arise out of Employee's employment with or termination from the Company regardless of whether those are claims under common law or under statutory law. The only exceptions are (a) claims for which arbitration is unavailable as a matter of law, such as workers' compensation benefits, unemployment compensation benefits, or charges under the National Labor Relations Act; (b) claims under any ERISA plan that contains its own internal appeal process; and (c) claims for injunctive relief pending the outcome of arbitration by either the Employee or the Company.
>
> The Employee and the Company also agree that there shall be no class actions, collective actions, or multiple-employee claims of any kind. Rather, each arbitration will be limited to a single employee; the arbitrator may not consolidate more than one person's claims for any purpose.
>
> . . .
>
> The Employee fully understands and intends to be bound by the Agreement. Further, if any provision or the application of any provision in a particular context is unenforceable, the Employee and the Company agree that the rest of this Agreement will remain enforceable.

(Doc. 9-1, Exhibit A, Arbitration Agreement) at 6-7.

*B. Analysis*

The movant, Applied, contends that a case within this district is controlling regarding whether the class and collective action waiver in the Arbitration Agreement applies to plaintiff's claims against 3 Bear and, as intervenor, Applied. (Doc. 63) at 10. Applied argues that when "finding the class action waiver independently enforceable regardless of whether the claims proceeded in litigation or in arbitration, the *Bock* court examined the language in the class action waiver and concluded that it was broader in scope than the arbitration provision because the waiver provision was not expressed in terms of particular disputes between particular parties." *Id.* (citing *Bock v. Salt Creek Midstream LLC*, Case No. 19-1163WJ/GJF, 2020 WL 5640669, at *8 (D.N.M.) (unpublished decision)). This is an accurate description, and this Court finds the conclusions in this similar case by the *Bock* Court persuasive, albeit not controlling. As noted by Applied, the *Bock* Court looked to another district court – *Snow v. Silver Creek Midstream Holdings, LLC* – for guidance." *Id.* (citing 467 F. Supp. 3d 1168 (D. Wyo. 2020)).

Chief United States District Judge William P. Johnson, when overruling objections and adopting the findings of fact and recommendations of law by United States Magistrate Judge Gregory J. Fouratt, noted that the "Magistrate Judge found that, just as the language in one provision in *Snow* was broader than another and omitted certain restrictive language, the language in the class action waiver was broader than the arbitration clause in § 1." *Bock*, Case No. 19-1163WJ/GJF, 2020 WL 5640669, at *8. Judge Johnson also noted that plaintiffs in *Bock* offered "nothing on the merits to persuade the court that the class action waiver is not a severable provision." *Id.* at *9. Because of the severability provision, the court in *Bock* concluded that any of the plaintiffs' "attempts to shoot down the enforceability of the arbitration provision would have no effect on the applicability of the class action waiver." *Id.* The Court noted that as in

4

*Snow*, "one can easily and readily determined that the waiver covers *all* claims... The waiver covers 'what' falls under the class/collective action waiver rather than 'who' (which is distinctly different from the § 1 provision which lists 'who' would be governed under the arbitration provision)." *Id.* (citations omitted). The Court in *Bock* found that the plaintiffs were "precluded from pursuing their claims against defendant in a class or collective action." *Id.* at *10. This Court finds the situation in *Bock* directly on point to the situation at bar.

The language in the relevant provisions in the contract at issue here is comparable to that seen in *Bock* and *Snow*. *Bock*, Case No. 19-1163WJ/GJF, 2020 WL 5640669, at *8-*9. In fact, *Snow* involved "the exact class waiver language at issue here (because it involves the interpretation of an Applied's Arbitration Agreement...)" (Doc. 63) at 10. As in *Bock* and *Snow*, here, one provision is broader than another; specifically, the language in the class action waiver is broader than that in the arbitration clause. *Bock*, Case No. 19-1163WJ/GJF, 2020 WL 5640669, at *8-*9. Here, while the arbitration clause indicates that the "Employee and the Company agree to arbitrate all claims that have arisen or will arise out of Employee's employment with or termination from the Company," the class action waiver indicates that the "Employee and the Company also agree that there shall be no class actions, collective actions, are multiple-employee claims of any kind." (Doc. 9-1, Exhibit A, Arbitration Agreement) at 6-7. One can see the distinction in that the former clause limits application specifically to claims that arise out of Employee's employment with the Company, while the class action waiver not only contains no such limitation, but also specifies that the application of the class action waiver applies to such "claims of any kind." *Id.*

This Court is not persuaded by plaintiff that it should insert a restriction into the class action waiver provision such that it is as limiting as the arbitration clause. This Court must

deduce the parties' intent by looking at the language of the contract, which is not ambiguous here. *Conoco Phillips Co.*, 2013–NMSC–009, ¶ 23. As such, the language "is conclusive." *Id.* (citing *Cont'l Potash, Inc.*, 1993-NMSC-039). Here, the language of the contract clearly indicates that even if the arbitration provision does not apply such as because the claim does not "arise out of Employee's employment with or termination from the Company," the class action waiver nevertheless applies to "class actions, collective actions, or multiple-employee claims of any kind." (Doc. 9-1, Exhibit A, Arbitration Agreement) at 6-7. The class action claim plaintiff attempts to bring before this Court clearly falls within this definition based on the plain language. As such, Applied's motion to enforce the class action waiver must be granted. (Doc. 63).

Although plaintiff argues that this Court's interpretation renders the subsequent sentence in the class action waiver superfluous, plaintiff's interpretation would render superfluous the clause "claims of any kind," which is much more fundamental to the interpretation of the contract and the class action waiver than the subsequent dependent sentence that "[r]ather, each arbitration will be limited to a single employee; the arbitrator may not consolidate more than one person's claim for a purpose." (Doc. 9-1, Exhibit A, Arbitration Agreement) at 6-7. The former clause, "claims of any kind," clearly applies and covers the claims at bar, while the subsequent noted clause does not. *Id.*

Plaintiff's arguments depend heavily on a conflation between the issue of whether plaintiff's claim is subject to arbitration and the issue of whether the class action waiver applies to plaintiff's claim. As noted earlier, these are different issues. For example, although plaintiff argues that "Applied is judicially estopped from asking the court to enforce the MAA's class/collective action waiver provision," this Court is not persuaded. (Doc. 67) at 5; *see also id.* at 5-6. Plaintiff is correct that "judicial estoppel is an equitable doctrine that stops a party who

takes a successful position in a legal proceeding from assuming a contrary position in a later proceeding that prejudices the opposing party;" however, there is no such "contrary position" here. *Id.* (quoting *Romero v. Title Max of N.M. Inc.*, No. CV 17–775KG/SCY, 2022 WL 788835, at*9 (D.N.M. Mar. 15, 2022) (other citation omitted)). Applied previously argued persuasively that an arbitrator must determine the sole issue of whether the claim was subject to arbitration: Applied's argument now that the claim is subject to the class/collective action waiver is not contrary to Applied's first successful position. Hence, judicial estoppel does not apply.

In a similar fashion, plaintiff contends that "*res judicata* precludes enforcement of the class/collective action waiver." (Doc. 67) at 7; *see also id.* at 7-9. As plaintiff notes, the "doctrine of *res judicata*, or claim preclusion, will prevent a party from relitigating a legal claim that was or could have been the subject of a previously issued final judgment." *Id.* (quoting *Grays v. Auto Mart USA, L.L.C.*, No. 21-1312, 2022 WL 2763096, at*5 (10th Cir. July 15, 2022) (other citation omitted)). Plaintiff appears to contend that Applied should have raised the issue of enforceability of the class/collective action waiver before the Arbitrator, however, the Arbitrator decided solely the issue of whether plaintiff's claim was subject to arbitration. (Doc. 42) at 2 ("the MAA contains a delegation clause that clearly and unmistakably commits threshold questions of arbitrability to the arbitrator"): *see also* (Doc. 44–1) at 8 ("I find the language of the MAA Mr. Rogers signed with Applied does not compel him to arbitrate his FLSA and NMMWA claims against 3 Bear"). In addition, this Court has not been presented with this issue properly until the motion at bar. As such, *res judicata*/claim preclusion does not apply to Applied's motion to enforce the class/collective action waiver now.

Finally, plaintiff relies on the fact that the "MAA's provision limiting class/collective actions comes in the middle of two provisions in the 'claims covered' section explaining how Rogers and Applied agreed to arbitrate with each other," and urges this Court to focus on the "harmonious whole." (Doc. 67) at 10; *see also id.* at 10-17. First, this Court already has discussed how the clause "claims of any kind" is more relevant to the interpretation of the contract and the class action waiver than the subsequent sentence that "rather each arbitration will be limited to a single employee…" *See supra*. Perhaps more importantly, plaintiff's logic ignores the severability clause. As noted previously, the contract plaintiff Mr. Rogers signed includes the following provision:

> The Employee fully understands and intends to be bound by the Agreement. Further, if any provision or the application of any provision in a particular context is unenforceable, the Employee and the Company agree that the rest of this Agreement will remain enforceable.

(Doc. 9-1, Exhibit A, Arbitration Agreement) at 6-7. Given the severability clause, this Court finds plaintiff's argument regarding the placement of the class/collective action waiver provision between discussions of how arbitration would proceed not persuasive.

IV.  *Conclusion*

For the reasons discussed, this Court concludes that the class and collective action waiver applies to plaintiff's cause of action against 3 Bear.

Therefore, the Court **GRANTS** Applied's motion to enforce the class action waiver (Doc. 63).

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE